**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X
                                :

In Re UBS AUCTION RATE         :      Master File No. 08-CV-02967
SECURITIES LITIGATION         :
                                :

This Document Relates To:  All Actions   :
                                :

-------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION**
**OF STEVEN OPPENHEIMER FOR APPOINTMENT AS LEAD**
**PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**

Steven Oppenheimer (also, "Movant") hereby respectfully submits this memorandum of law in support of his motion for the entry of an order: (1) appointing him as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA");[1] and (2) approving his selection of Stull, Stull & Brody and Weiss & Lurie to serve as Lead Counsel pursuant to the PSLRA.

## INTRODUCTION

This is a consolidated securities fraud class action brought against UBS AG, UBS Securities LLC and UBS Financial Services Inc. (collectively, "Defendants" or "UBS") and alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") on behalf of all persons and entities who purchased auction rate securities from Defendants during the proposed Class Period (collectively, the proposed "Class").

Movant purchased $1.55 million worth of auction rate securities from Defendants during the proposed Class Period which he continues to hold. Movant seeks appointment as Lead Plaintiff and approval of his selection of Lead Counsel as set forth herein. As discussed below, Movant satisfies each of the requirements of the PSLRA and, therefore, is qualified for appointment as Lead Plaintiff.

## RELEVANT PROCEDURAL BACKGROUND

On or about March 21, 2008 the plaintiff in *Chandler v. UBS AG et al.*, 08-CV-02967 (LMM) (S.D.N.Y. Mar. 21, 2008), filed a complaint on behalf of a class consisting of all persons who purchased auction rate securities from Defendants during the proposed Class Period. On

---

1    In the alternative, if this Court appoints separate Lead Plaintiffs to represent the claims of investors who purchased the various auction rate securities at issue in this action, Movant respectfully submits that he should be appointed Lead Plaintiff for the auction rate securities that he purchased and held as of the end of the proposed Class Period.

March 21, 2008, notice was published over <u>Business Wire</u>, advising members of the proposed

class of their right to move the Court to serve as lead plaintiff within the requisite period from

the date of publication of the notice. *See* Declaration of James Henry Glavin IV in Support of

the Motion of Steven Oppenheimer for Appointment as Lead Plaintiff and Approval of Selection

of Lead Counsel ("Glavin Decl.") at Ex. A.

## **FACTUAL BACKGROUND**

This litigation arises out of the fact that Defendants have refused to allow Movant, and

the rest of the proposed Class, to withdraw money from investments that Defendants represented

were as safe as cash.[2] ¶¶ 2-4. The investments at issue are auction rate securities. Auction rate

securities are variable-rate instruments whose interest rates are set at periodic auctions. ¶ 20.

The proposed Class Period is March 21, 2003 to February 13, 2008, inclusive. ¶ 1.

During the Class Period, Defendants knew, but failed to disclose or correct their

misrepresentations that these auction rate securities were not cash alternatives, but were actually

complex, long-term financial instruments, and these auction rate securities sold by Defendants

were only liquid at the time of sale because Defendants were artificially supporting and

manipulating the market to maintain the appearance of stability and liquidity. ¶¶ 2-3.

On February 13, 2008, 87% of all auction rate securities, including those sold by

Defendants, failed, when Defendants and all other major broker-dealers refused to continue to

support the auctions. ¶ 4. As a result of the withdrawal of support by Defendants and all other

major broker-dealers, the market for auction rate securities collapsed, leaving holders of auction

rate securities, including Movant and the members of the Proposed Class, with no means of

---

[2]     References to the facts for purposes of this memorandum will be to the complaint
in *Chandler v. UBS AG et al.*, 08-CV-02967 (LMM) (S.D.N.Y. Mar. 21, 2008) (referred to as "¶
__").

liquidating their investments. ¶ 4

## ARGUMENT

**I.      STEVEN OPPENHEIMER SHOULD BE APPOINTED LEAD PLAINTIFF**

The PSLRA establishes the procedure governing the appointment of a lead plaintiff in

"each action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant

to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1) and (a)(3)(B)(i).

### A.      The Procedure Required By The PSLRA

Under the PSLRA, the plaintiff who files the initial action must publish notice to the

class within 20 days of filing the action, informing class members of their right to file a motion

for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). The PSLRA also provides that

within 90 days after publication of notice, the Court shall consider any motion made by a class

member and shall appoint as lead plaintiff the member or members of the class that the Court

determines the most adequate to represent the interests of the class members. 15 U.S.C. § 78u-

4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate
> plaintiff in any private action arising under this title is the person
> or group of persons that - -
>
> (aa)     has either filed the complaint or made a motion in response to a notice . . .
>
> (bb)     in the determination of the court, has the largest financial interest in the
> relief sought by the class; and
>
> (cc)     otherwise satisfies the requirements of Rule 23 of the Federal Rules of
> Civil Procedure.

15 U.S.C. § 78u-4 (a)(3)(B)(iii)(I).

**B.    Movant Satisfies The PSLRA's "Lead Plaintiff" Requirements**

**1.    Movant Has Complied with the PSLRA in Timely Seeking Appointment as Lead Plaintiff**

On March 21, 2008, notice of the filing of the initial complaint in this action was published over <u>Business Wire</u>.  <u>See</u> Glavin Decl., Ex. A.   The PSLRA provides that not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class. 15 U.S.C. § 78u-4 (a)(3)(A). Therefore, the time period in which class members may move to be appointed as lead plaintiff herein under 15 U.S.C. § 78u-4 (a)(3)(A) and (B) expires on May 20, 2008.   Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice, Movant's application, filed on May 20, 2008, is thus timely.

Movant has duly signed and filed a certification stating that he has reviewed the first-filed complaint in this action and is willing to serve as a representative party on behalf of the Class.  *See* Glavin Decl., Ex. B.  In addition, Movant has selected and retained experienced and competent counsel to represent him and the Class.  *See* Glavin Decl., Ex. C and D.

Accordingly, Movant has satisfied the individual requirements of 15 U.S.C. § 78u-4(a)(3)(A) & (B) and is entitled to have his application for appointment as Lead Plaintiff and his selection of counsel, as set forth herein, considered and approved by the court.

**2.    Movant Has a Significant Financial Interest in the Relief Sought by the Class**

According to 15 U.S.C. § 21(a)(3)(B)(iii), the court shall appoint the lead plaintiff who represents the largest financial interest in the relief sought by the action.  Movant purchased $1.55 million worth of auction rate securities from Defendants during the proposed Class Period which he continues to hold.  *See* Glavin Decl., Ex. B.

"The PSLRA does not specify a method for calculating which plaintiff has the 'largest financial interest,' and neither the Supreme Court nor the Second Circuit has articulated such a method." *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 436-37 (S.D.N.Y. Jan. 24, 2008). Generally, courts have considered the following factors in determining a movant's financial interest: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. *In re Fuwei Films*, 247 F.R.D. at 437 (citing *Lax v. First Merchs. Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, *17 (N.D. Ill. 1997)).

As noted above, Movant purchased $1.55 million worth of auction rate securities from Defendants during the proposed Class Period which he continues to hold.  Prior to his purchase, Defendants had not disclosed the risks associated with those auction rate securities.  As a result of the collapse of the auction market at the end of the Class Period, all of those shares are now illiquid.  Movant's financial interest in this action, therefore, is at least $1.55 million, *i.e.*, the cost of his shares which are now illiquid.

Therefore, Movant has a significant financial interest in this case.  Moreover, Movant is not aware of any other competing applicant for Lead Plaintiff that has a greater financial interest in connection with the purchase of auction rate securities from Defendants.

### 3.  Movants Otherwise Satisfy the Requirements of Federal Rules of Civil Procedure Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is
> impracticable, (2) there are questions of law or fact common to the
> class, (3) the claims or defenses of the representative parties are
> typical of the claims or defenses of the class, and (4) the
> representative parties will fairly and adequately protect the
> interests of the class.

Only the typicality and adequacy elements, however, are relevant to the selection of a lead

plaintiff. *See, e.g.*, *Dolan v. Axis Capital Holdings Ltd.*, No. 04 Civ. 8564 (RJH), 2005 U.S. Dist.

LEXIS 6538, at *11 (S.D.N.Y. 2005); *In re Espeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102

(S.D.N.Y. 2005); *Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 324 (S.D.N.Y. 2004).

Typicality exists if claims "arise[] from the same course of events, and each class

member makes similar legal arguments to prove the defendant's liability." *See In re Drexel*

*Burnham Lambert Group, Inc.*, 960 F. 2d 285, 291 (2d Cir. 1992), *cert. dismissed sub nom.*, 506

U.S. 1088 (1993); *see also In re Fuwei Films,* 247 F.R.D. at 436. Typicality, however, does not

require the claims of the class representative to be identical to the claims of the class. Instead,

the courts have recognized that:

> [T]he typicality requirement may be satisfied even if there are
> factual dissimilarities or variations between the claims of the
> named plaintiffs and those of other class members, including
> distinctions in the qualifications of the class members.

*Bishop v. New York City Dept. Of Housing Preservation and Development*, 141 F.R.D. 229, 238

(2d Cir. 1992).

Here, Movant satisfies the typicality requirement because: (1) he purchased or otherwise

acquired auction rate securities from Defendants during the Class Period as a result of

Defendants' materially false and misleading statements and omissions; (2) he held his auction

rate securities on the date Defendants withdrew their support for the auction market and the

market collapsed and continues to hold such securities; and (3) his auction rates securities are

now illiquid.  Thus, typicality is satisfied since the claims asserted by Movant arise from the same events or course of conduct that gives rise to claims of other class members, and the claims are based on the same legal theory.

Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class."  To fairly and adequately protect the interest of the class: "(1) there should be no conflict between the interests of the class and the named plaintiff nor should there be collusion among the litigants; and (2) the parties' attorney must be qualified, experienced, and generally able to conduct the proposed litigation." *In re Fuwei Films*, 247 F.R.D. at 436 (citing *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, 229 F.R.D. 395, 412-13 (S.D.N.Y. 2004).

Here, Movant is clearly an adequate representative of the class.  As shown by the injury suffered by Movant, who purchased auction rate securities based on Defendants' misrepresentations and omissions that they were cash equivalents, Movant's interests are clearly aligned with the members of the proposed Class, and there is no evidence of any antagonism between Movant's interests and those of the other members of the proposed Class.  In addition, Movant has retained competent and experienced counsel to prosecute these claims. *See* Glavin Decl. at Ex. C and D.

Thus, Movant satisfies both the typicality and adequacy requirements of Rule 23.

## II.     THE COURT SHOULD APPROVE MOVANT'S CHOICE OF LEAD COUNSEL

Pursuant to 15 U.S.C. § 78u-4 (a)(3)(B)(v), the proposed Lead Plaintiff shall, subject to Court approval, select and retain counsel to represent the class they seek to represent.  In that regard, Movant has selected Stull, Stull & Brody and Weiss & Lurie to serve as Lead Counsel. Stull, Stull & Brody and Weiss & Lurie have extensive experience in successfully prosecuting

shareholder and securities class actions and have frequently appeared in major actions in this and other courts.  *See* Glavin Decl., Ex. C and D.

## <u>CONCLUSION</u>

For all the foregoing reasons, Movant respectfully requests that the Court: (i) appoint Movant as Lead Plaintiff; and (ii) approve Movant's selection of Lead Counsel as set forth herein.

Dated: May 20, 2008

Respectfully submitted,

**STULL, STULL & BRODY**

By:_____/s/ James Henry Glavin IV_____
Jules Brody (JB-9151)
Menashe Y. Shapiro (MS-5448)
James Henry Glavin IV (JG-2188)
6 East 45th Street
New York, New York 10017
(212) 687-7230

**WEISS & LURIE**
Jordan L. Lurie
10940 Wilshire Blvd.
Suite 2300
Los Angeles, California 90024
(310) 208-2800

**Proposed Lead Counsel**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on May 20, 2008, I filed and served the foregoing document(s) with the Clerk of the Court via ECF in accordance with the Federal Rules of Civil Procedure and the Southern District's Rules on Electronic Service upon all counsel of record, namely:

*Counsel for Plaintiffs:*

Christopher Adam Seeger
David R. Buchanan
Stephen A. Weiss
SEEGER WEISS LLP
One William Street, 10th Floor
New York, NY 10004

*Counsel for Consolidated Plaintiffs:*

Eduard Korsinsky
Joseph E. Levi
ZIMMERMAN LEVI & KORSINSKY, LLP (NY)
39 Broadway, Suite 1601
New York, NY 10006

*Counsel for Defendants:*

Howard M. Privette
John S. Durrant
William F. Sullivan
PAUL HASTINGS JANOFSKY & WALKER
515 S. Flower St.
25th Floor
Los Angeles, CA 90071-3132

James D. Wareham
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th Street, N.W.
Washington, DC 20005

Keith William Miller
PAUL, HASTINGS, JANOFSKY & WALKER LLP (NYC)
75 East 55th Street
New York, NY 10022

1

I hereby certify that the foregoing document(s) were served on the following counsel by U.S. Mail on May 20, 2008:

**Counsel for Randolph Bonnist:**

Edith M. Kallas
MILBERG WEISS BERSHAD & SCHULMAN LLP (NYC)
One Pennsylvania Plaza
New York, NY 10119

Joe R. Whatley, JR.
Joseph Peter Guglielmo
WHATLEY, DRAKE & KALLAS, LLC
1540 Broadway
37th Floor
New York, NY 10281

Dated: May 20, 2008                                    s/ James Henry Glavin IV
                                                       James Henry Glavin IV
                                                       Stull, Stull & Brody
                                                       6 East 45th Street
                                                       New York, New York 10017

2