**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X
                                       :

In Re UBS AUCTION RATE          :       Master File 08-CV-02967 (LMM)
SECURITIES LITIGATION         :

                                         :       <u>CLASS ACTION</u>

This Document Relates To:  All Actions   :
                                         :
-------------------------------------------------------------X

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF**
**THE MOTION OF STEVEN OPPENHEIMER AND IN OPPOSITION TO**
**ALL OTHER MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF**
**<u>AND APPROVAL OF SELECTION OF LEAD COUNSEL</u>**

Steven Oppenheimer ("Movant") hereby respectfully submits this memorandum of law in further support of his motion for appointment as Lead Plaintiff and approval of selection of Lead Counsel and in opposition to the four additional motions filed with the Court on May 20, 2008.

## INTRODUCTION

Five separate motions for appointment as lead plaintiff and approval of selection of lead counsel were filed on May 20, 2008.[1]  Each movant claims that it is the most adequate plaintiff under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B).  For the reasons set forth herein, Steven Oppenheimer should be appointed Lead Plaintiff on behalf of all purchasers of UBS auction rate securities during the Class Period.  In the alternative, should the Court appoint multiple investors to represent claims arising from particular auction rate securities, Steven Oppenheimer should be appointed as lead plaintiff on behalf of investors who purchased auction rate securities which have not been redeemed.

## ARGUMENT

### 1.    Steven Oppenheimer Satisfies the Requirements of the PSLRA

During the Class Period, Movant purchased $1.55 million worth of auction rate securities from Defendants, and Movant continues to hold those securities, all of which are now illiquid. *See* Declaration of James Henry Glavin IV in Support of the Motion of Steven Oppenheimer for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel ("Glavin Decl."), Ex. B, filed May 20, 2008 (Dkt. No. 25).

---

[1]    In addition to the motion filed by individual investor Steven Oppenheimer ("Movant" herein), the following four other motions seeking appointment as lead plaintiff and approval of selection of lead counsel were filed on May 20, 2008: (i) David and Shelly Chandler and five other unrelated class members (collectively the "Chandler Group"); (ii) Aric and Mary Streit as trustees for the Streit Living Trust (the "Streit Group"); (iii) Ricardo Sanchez and at least eleven other unrelated class members; and (iv) Randolph Bonnist and Diana Burroughs as Executive Director on behalf of the non-profit organization Teachers Count (collectively, the "UBS ARS

In addition, Movant satisfies the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure. *See*, *e.g.*, *Dolan v. Axis Capital Holdings Ltd.*, No. 04 Civ. 8564 (RJH), 2005 U.S. Dist. LEXIS 6538, at *11 (S.D.N.Y. 2005) (only the typicality and adequacy elements of Rule 23 are relevant to the selection of a lead plaintiff). Under Rule 23(a)(3), typicality exists if claims "arise[] from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *See In re Drexel Burnham Lambert Group, Inc.*, 960 F. 2d 285, 291 (2d Cir. 1992), *cert. dismissed sub nom.*, 506 U.S. 1088 (1993); *see also In re Fuwei Films,* 247 F.R.D. at 436. Movant satisfies the typicality requirements because: (1) he purchased or otherwise acquired auction rate securities from Defendants during the Class Period as a result of Defendants' materially false and misleading statements and omissions; (2) he held his auction rate securities on the date Defendants withdrew their support for the auction market and the market collapsed and continues to hold such securities; and (3) his auction rate securities are now illiquid. Thus, the claims asserted by Movant arise from the same events or course of conduct that give rise to the claims of other class members, and the claims are based on the same legal theory.

Under Rule 23(a)(4) the representative party must also "fairly and adequately protect the interests of the class." To fairly and adequately protect the interest of the class: "(1) there should be no conflict between the interests of the class and the named plaintiff nor should there be collusion among the litigants; and (2) the parties' attorney must be qualified, experienced, and generally able to conduct the proposed litigation." *In re Fuwei Films*, 247 F.R.D. at 436 (citing *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, 229 F.R.D. 395, 412-13 (S.D.N.Y. 2004).

---

Group").

Because Movant purchased auction rate securities based on Defendants' misrepresentations and omissions and continues to hold those securities which are now illiquid, Movant's interests are clearly aligned with the members of the proposed Class, and there is no evidence of any antagonism between Movant's interests and those of the other members of the proposed Class.  In addition, Movant has retained competent and experienced counsel to prosecute these claims.  *See* Glavin Decl. (Dkt. No. 25), Exhibits C and D.

Thus, Movant has a significant financial interest in the relief sought by the Class and otherwise satisfies the typicality and adequacy requirements of Rule 23.

**2.      The Chandler Group Cannot Satisfy the Requirements of Rule 23**

At least $3.2 million worth of the Chandler Group's auction rate securities were redeemed as of the date on which it filed its motion for appointment as Lead Plaintiff.  *See* Chandler Group Supporting Memorandum, pps. 8-9 (Dkt. No. 28); *See also* Declaration of Jonathan K. Levine, dated May 20, 2008 (Dkt. No. 29), at Exhibit K.  The redemptions demonstrate that the Chandler Group cannot satisfy the typicality requirement of Rule 23 because the claims of the Chandler Group are markedly different from those of the other class members whose auction rate securities have not been redeemed.

In addition, the Chandler Group is a large aggregation of 7 individuals, which is disfavored under the PSLRA and exceeds the SEC's "three to five" limit rule for lead plaintiff groups.  *See, e.g.*, *In re Star Gas Sec. Litig.*, 2005 U.S. Dist. LEXIS 5827, *12, n 9 (D. Conn. Apr. 8, 2005) ("[t]he Securities and Exchange Commission takes the position that a group of no more than three to five investors should be appointed as lead plaintiffs, to ensure that the plaintiffs are able to maintain control of the litigation") (citing *In re Baan Co. Sec. Litig.*, 186 F.R.D. 214, 216 (D.D.C. 1999)).

Accordingly, the Chandler Group is atypical.

### 3.    The Streit Group Should Not Be Appointed Sole Lead Plaintiff

The Streit Group's claims are not typical of the proposed Class claims since the Streit Group's calculation includes its collateralized borrowings against its auction rate securities holdings.  *See* Streit Group Supporting Memorandum (Dkt. No. 22), p. 4.  In addition, there are myriad variances among the approximately 100-200 different auction rate securities listed in the Streit Group's PSLRA certification, annexed to the Declaration of Kent Bronson  (Dkt. No. 23), at Exhibit A.

### 4.    The Sanchez Group Does Not Satisfy the PSLRA

The Sanchez Group is a large aggregation of 14 individuals, which is disfavored under the PSLRA and exceeds the SEC's "three to five" limit rule for lead plaintiff groups.  *See*, *e.g.*, *In re Star Gas Sec. Litig.*, 2005 U.S. Dist. LEXIS 5827, *12, n 9 (D. Conn. Apr. 8, 2005), *citing, In re Baan Co. Sec. Litig.*, 186 F.R.D. 214, 216 (D.D.C. 1999)).

In addition, the Sanchez Group has completed a partial liquidation of its auction rate securities, by selling over half a million dollars worth of auction rate securities on the secondary market.  *See* Sanchez Group Supporting Memorandum (Dkt. No. 19), p. 9 FN.3.  This liquidation renders the claims of the Sanchez Group atypical of the claims of other Class members whose auction rate securities have not been redeemed.

### 5.    The UBS ARS Group Cannot Satisfy the PSLRA

The UBS ARS Group does not include an institutional investor, contrary to the assertion set forth in its opposition brief, filed on May 30, 2008 ("Opposition Brief ") (Dkt. No. 30). Therefore, any preference for institutional investors envisioned by Congress in enacting the PSLRA is inapplicable to the UBS ARS Group.

The UBS ARS Group argues that it is entitled to appointment as lead plaintiff because its members include the only institutional investor among all lead plaintiff movants. Opposition Brief, at 2. However, the member of the UBS ARS Group for which institutional investor status is asserted, Teachers Count, is not, in fact, by any definition, an institutional investor of the sort envisioned by Congress in enacting the PSLRA.

As the court observed in *Malasky v. IAC/InterActiveCorp.,* 2005 U.S. Dist. LEXIS 3628, *8 (S.D.N.Y. 2005), the term "institutional investor" is defined in Black's Law Dictionary to mean "large investors, such as mutual funds, pension funds, insurance companies, and others who largely invest other people's money." *Id., citing,* Black's Law Dictionary, at 801 (6th ed. 1990). Another court addressing whether institutional investor status existed, referred to a federal statute setting forth a definition of "qualified institutional buyer", which is defined as an entity that "in the aggregate owns and invests on a discretionary basis at least $100 million in securities…." *In re Enron Corp. Sec., Deriv & ERISA Litig.,* 310 F. Supp. 2d 819, 841 (S.D.Tex. 2004), *citing,* 17 C.F.R. § 230.144A. Another court declined to apply the preference for institutional investors where the movant's investment was not of a magnitude sufficient to present any increased financial interest in the litigation. *See Dollens v. Ziontis,* 2001 U.S. Dist. LEXIS 19966, *19 (N.D. Ill. 2001) (declining to apply preference to institutional investor because it was not a "large institutional investor," given that policy considerations do not indicate an institutional investor with a small investment (e.g., 2,000 shares) would have a greater financial interest in the action).

In light of these facts, Teachers Count cannot be deemed an "institutional investor" of the sort envisioned by Congress to lead securities class actions. Therefore, no preference is applicable to the UBS ARS Group as to warrant its appointment as lead plaintiff in this action.

## CONCLUSION

For all the foregoing reasons, the Court should appoint Steven Oppenheimer as Lead

Plaintiff and approve his selection of lead counsel.

Dated: June 9, 2008

Respectfully submitted,

**STULL, STULL & BRODY**

By: /s/ Jason D'Agnenica
    Jules Brody (JB-9151)
    Jason D'Agnenica (JD-9340)
    Menashe Y. Shapiro (MS-5448)
    6 East 45th Street
    New York, New York 10017
    (212) 687-7230

**WEISS & LURIE**
Jordan L. Lurie
10940 Wilshire Blvd.
Suite 2300
Los Angeles, California 90024
(310) 208-2800

**Proposed Co-Lead Counsel**

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2008, I filed and served the foregoing document with the Clerk of the Court via the CM/ECF system in accordance with the Federal Rules of Civil Procedure and the Southern District's Rules on Electronic Service upon the following counsel:

David R. Buchanan
Seeger Weiss LLP
dbuchanan@seegerweiss.com
*Counsel for David Chandler*

Kent Andrew Bronson
Bernstein Litowitz Berger & Grossman LLP
kbronson@milberg.com
*Counsel for Arit Streit and Mary Streit*

Jonathan K. Levine
Girard Gibbs, L.L.P.
jkl@girardgibbs.com
*Counsel for David Chandler*

Joseph P. Guglielmo
Whatley, Drake & Kallas, LLC
jguglielmo@whatleydrake.com
*Counsel for Randolph Bonnist*

Eduard Korsinsky
Zimmerman Levi & Korsinsky, LLP
ek@zlklaw.com
*Counsel for Ricardo L. Sanchez*

Juan Eneas Monteverde
Zimmerman Levi & Korsinsky, LLP
jmonteverde@zlk.com
*Counsel for Ricardo L. Sanchez*

Christopher A. Seeger
Seeger Weiss LLP
cseeger@seegerweiss.com
*Counsel for David Chandler*

Norman E. Siegel
Stueve Siegel Hanson LLP
siegel@stuevesiegel.com
*Counsel for David Chandler*

Stephen A. Weiss
Seeger Weiss LLP
sweiss@seegerweiss.com
*Counsel for David Chandler*

James D. Wareham
Paul, Hastings, Janofsky & Walker LLP
jameswareham@paulhastings.com
*Counsel for UBS Financial Services Inc.*

John S. Durrant
Paul, Hastings, Janofsky & Walker LLP
johndurrant@paulhastings.com
*Counsel for UBS Financial Services Inc.*

Keith William Miller
Paul, Hastings, Janofsky & Walker LLP
keithmiller@paulhastings.com
*Counsel for UBS Financial Services Inc.*

Howard M. Privette
Paul, Hastings, Janofsky & Walker LLP
howardprivette@paulhastings.com
*Counsel for UBS Financial Services, Inc.*

William F. Sullivan
Paul, Hastings, Janofsky & Walker LLP
williamsullivan@paulhastings.com
*Counsel for UBS Financial Services Inc.*

Dated: June 9, 2008

    _/s/ Jason D'Agnenica___
Stull, Stull & Brody
6 East 45th Street
New York, New York 10017
Tel: (212) 687-7230