Keith W. Miller
PAUL, HASTINGS, JANOFSKY & WALKER LLP
75 East 55th Street
New York, New York 10022
(212) 318-6000

James D. Wareham
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th Street, N.W.
Washington, D.C. 20005
(202) 551-1700

William F. Sullivan
Howard M. Privette
John S. Durrant
PAUL, HASTINGS, JANOFSKY & WALKER LLP
515 South Flower Street
Los Angeles, California 900071
(213) 683-6000

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE UBS AUCTION RATE SECURITIES LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | Case No: 08-CV-02967 (LMM) (KNF) |
| RONALD D. KASSOVER, *et al.*, on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>                v.<br><br>UBS AG and UBS FINANCIAL SERVICES, INC.,<br><br>                    Defendants. | Case No: 08-CV-02753 (LMM)<br><br>**DECLARATION OF WILLIAM F. SULLIVAN IN SUPPORT OF DEFENDANTS' SUPPLEMENTAL RESPONSE IN SUPPORT OF CONSOLIDATION** |

## DECLARATION OF WILLIAM F. SULLIVAN

I, William F. Sullivan, hereby declare as follows:

1.      I am an attorney at law, licensed to practice before the Courts of the State of California and admitted to appear and participate *pro hac vice* in the above-captioned action. I am a partner in the law firm of Paul, Hastings, Janofsky & Walker LLP, counsel of record for UBS AG and UBS Financial Services Inc. (collectively, the "Defendants") in this action. I make this declaration in support of the Defendants' Supplemental Response in Support of Consolidation. If called upon to do so, I could and would testify competently to the matters set forth herein.

2.      Attached hereto as Exhibit A is a true and correct copy of an Order of Consolidation, In re Citigroup Auction Rate Securities Litigation, No. 08-cv-83095 (LTS)(FM) (S.D.N.Y. June 25, 2008).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief. This declaration is executed on June 27, 2008, at Los Angeles, California.

                                        /s/
                                WILLIAM F. SULLIVAN

-i-

# CERTIFICATE OF SERVICE

      I, William F. Sullivan, do hereby certify that on June 27, 2008, a true and correct copy of Declaration of William F. Sullivan In Support of Defendants' Supplemental Response in Support of Consolidation was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the notice of electronic filing. Parties may access this filing through the Court's CM/ECF System.

/s/

WILLIAM F. SULLIVAN

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

LHB INSURANCE BROKERAGE INC., individually
and on behalf of all others similarly situated,

                Plaintiffs,

  -v-                                                  No. 08 Civ. 3095(LTS) (FM)

CITIGROUP INC. and CITIGROUP
GLOBAL MARKETS, INC.,

                Defendants.
----------------------------------------------------------------x

LISA SWANSON, individually and on behalf
of all others similarly situated,

                Plaintiffs,

  -v-                                                  No. 08 Civ. 3139 (LTS) (AJP)

CITIGROUP INC., CITIGROUP GLOBAL
MARKETS, INC. and CITI SMITH BARNEY,

                Defendants.
----------------------------------------------------------------x

SAMUEL A. STOCKHAMER and ALICE L.
STOCKHAMER, on behalf of themselves and
on all others similarly situated,

                Plaintiffs,

  -v-                                                   No. 08 Civ. 3904 (LTS) (KNF)

CITIGROUP INC., and CITIGROUP GLOBAL
CAPITAL MARKETS, INC.,

                Defendants.
----------------------------------------------------------------x

[USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: DATE FILED: JUN 2 5 2008]

WEDGEWOOD TACOMA LLC, individually and
on behalf of all others similarly situated,

          Plaintiffs,

-v-                                            No. 08 Civ. 4360 (LTS) (FM)

CITIGROUP INC., CITIGROUP GLOBAL
MARKETS, INC. and CITI SMITH BARNEY,

          Defendants.
------------------------------------------------------------x

SAED GHALAYINI, individually and
on behalf of all others similarly situated,

          Plaintiffs,

-v-                                            No. 08 Civ. 5016

CITIGROUP INC., CITIGROUP GLOBAL
MARKETS, INC. and CITI SMITH BARNEY,

          Defendants.
------------------------------------------------------------x

LAURA TAYLOR SWAIN, UNITED STATES DISTRICT JUDGE

<u>ORDER CONSOLIDATING CASES, APPOINTING LEAD PLAINTIFF AND APPROVING
SELECTION OF LEAD PLAINTIFF'S COUNSEL</u>

        Before the Court are related securities fraud class actions alleging that some or all of Defendants Citigroup Inc., Citigroup Global Markets, Inc. and Citi Smith Barney (collectively, "Defendants"), failed to disclose material facts while marketing auction rate securities ("ARS") and that, once Defendants ceased their artificial support for the ARS auction market, the market collapsed and Plaintiffs were left with illiquid ARS. Plaintiff Wedgewood Tacoma, LLC, together with movant Jemstone, LLC (collectively referred to as "Wedgewood"), moved the Court to consolidate the above-captioned putative class actions and for an order appointing them

lead plaintiffs and their counsel lead counsel. Movants David Dignam and Ted Link (collectively "the Dignam Group") also moved the Court to consolidate the above-captioned putative class actions and appoint the Dignam Group lead plaintiff and its counsel lead counsel. Movant Dr. Michael A. Passidomo ("Dr. Passidomo") moved the Court to consolidate the above-captioned putative class actions and for an order appointing him lead plaintiff and his counsel lead counsel. Plaintiff LHB Insurance Group ("LHB"), moved the Court for an order appointing it lead plaintiff. The Court construed each motion to relate to the above-captioned actions and any class actions relating to the same subject matter as the above-captioned actions hereafter filed in or transferred to this Court.

On June 11, 2008, the Court issued an order setting a briefing schedule and scheduling a hearing on the applications for June 24, 2008. The Court received a memorandum of law in opposition to the consolidation of the Stockhamer action, 08 Civ. 3904, from the plaintiffs in that action ("Stockhamer Plaintiffs"), and a response to the Stockhamer Plaintiffs' opposition from the Defendants. The Court received a memorandum of law and a reply memorandum in further support of Dr. Passidomo's motion and in opposition to competing lead plaintiff designation motions. The Court also received a memorandum of law and a reply memorandum in further support of Wedgewood's motion and in opposition to competing motion. In these latest papers, Wedgewood augmented its application with a request that its counsel be designated interim class counsel with respect to non-PSLRA claims in the event the cases were consolidated and Wedgewood selected as lead plaintiff. The Dignam Group filed a statement of no opposition to Dr. Passidomo's motion and subsequently filed a supplement, indicating that it took no position on the challenges to Dr. Passidomo's or Wedgewood's adequacy as a lead

plaintiff, but indicated that it was still willing to serve as lead plaintiff, if the Court desired. LHB filed no additional papers.

On June 24, 2008, the Court held a hearing on the motions. Counsel appeared on behalf of LHB, on behalf of the Dignam Group, on behalf of the Stockhamer Plaintiffs, on behalf of Wedgewood, on behalf of Dr. Passidomo and on behalf of the Defendants. The Court has considered thoroughly all submissions and argument related to these motions and the decision to be rendered reflects such consideration. For the following reasons, and for the reasons stated on the record of the hearing, the Court grants the motions to consolidate and Dr. Passidomo's motion for appointment as lead plaintiff and approves Dr. Passidomo's selection of Zwerling, Schachter & Zwerling LLP as lead counsel. The oral application of the Stockhamer Plaintiffs and their counsel to be appointed as lead or co-lead plaintiffs and counsel with respect to the non-PSLRA claims is denied.

Motion to Consolidate

Rule 42 of the Federal Rules of Civil Procedure provides that the Court may consolidate "actions involving a common question of law or fact." Fed. R. Civ. P. 42(a). A determination on the issue of consolidation is left to the sound discretion of the Court. Johnson v. Celotex Corp., 899 F.2d 1281, 1284-85 (2d Cir. 1990); Zicklin v. Breuer, 534 F. Supp. 745 (S.D.N.Y. 1982).

The Court finds that all of the above-captioned the actions present common factual and legal issues, involve overlapping defendants and will involve similar subject matter and similar issues related to class certification. The Court does not find persuasive the Stockhamer Plaintiffs' argument that they will be prejudiced by consolidation and finds, rather,

that the other parties may be prejudiced by a failure to consolidate. Accordingly, the Court grants the motions for consolidation in the interests of judicial economy.

Motion for Appointment as Lead Plaintiff

The PSLRA provides in relevant part that "the court shall . . . appoint as lead plaintiff the member or members of the purported class that the Court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). In making its determination on a motion for appointment of a lead plaintiff, the Court is also required to adopt the rebuttable presumption that the "most adequate plaintiff" is

> the person or group of persons that– (aa) has either filed the complaint or made a motion in response to [the initial class] notice . . . ; (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption may be rebutted only upon proof by a member of the purported class "that the presumptively most adequate plaintiff–(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses which render such plaintiff incapable of adequately representing the class." 15 U.S.C. 78u-4(a)(3)(B)(iii)(II).

The Court finds that Dr. Passidomo is the presumptively most adequate plaintiff under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) based on his undisputed financial interest and his preliminary showing that he meets the typicality and adequacy requirements of Federal Rule of Civil Procedure 23. See Fed. R. Civ. P. 23; see also In re Oxford Health Plans, 182 F.R.D. 42,

49 (S.D.N.Y. 1998) ("Typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA.").

The claims of Dr. Passidomo are typical of the class because his claims and injuries arise from the same course of conduct as that from which claims of the other class members arise. The adequacy of representation component of Rule 23 is also satisfied, as there is no conflict of interest between Dr. Passidomo and members of the purported class, he has obtained qualified and experienced counsel, and has a significant interest in the outcome of the litigation so as to ensure vigorous prosecution of the case. Cf. Weltz v. Lee, 199 F.R.D. 129, 133 (S.D.N.Y. 2001). The Court's preliminary determination of typicality and adequacy, will not, however, preclude any party from contesting class certification on such bases in the future.

The Court finds that the issues that Wedgewood raised in an attempt to rebut the presumption that Dr. Passidomo is the presumptive most adequate plaintiff are insufficient to raise any substantial issue as to Dr. Passidomo's adequacy or integrity, or as to whether he is subject to unique defenses, so that the presumption remains unrebutted.

The Court hereby grants Dr. Passidomo's motion for appointment as lead plaintiff, as to all causes of action asserted in the consolidated cases. The lead plaintiff designation motions of LHB, the Dignam Group and Wedgewood are denied.

Appointment of Lead Counsel

Subject to the Court's approval, the most adequate plaintiff shall select and retain counsel to represent the class. 15 U.S.C. § 78u-4(a)(3)(B)(v). Dr. Passidomo seeks approval of his selection of Zwerling, Schacter & Zwerling LLP as lead counsel. Upon review of the papers submitted in support of Dr. Passidomo's motion and consideration of further representations

made on the record, the Court finds that Zwerling, Schacter & Zwerling LLP has had substantial experience and success in prosecuting securities class actions, rendering it capable of serving as lead counsel in this action. (Speirs Aff., Ex. D.)

The Court further finds that Dr. Passidomo's approximately $10,950,000 stake in this action provides the type of incentive for close supervision of counsel that the PSLRA contemplates. Accordingly, Dr. Passidomo's selection of Zwerling, Schacter & Zwerling LLP as lead counsel is approved.

Interim Class Counsel

Federal Rule of Civil Procedure 23(g)(3) provides that the Court may appoint interim class counsel prior to the certification of a class. With respect to the non-PSLRA claims, the Court finds, based on the papers submitted in support of Dr. Passidomo's motion and the further representations made during the hearing regarding the firm's willingness and ability to assume the interim class counsel position, that Zwerling, Schacter & Zwerling LLP has the necessary experience to render it a capable interim class counsel with respect to the consolidated, non-PSLRA claims. The Court further finds that appointment of co-counsel with regard to the non-PSLRA actions is unnecessary at this time, and might, in fact, be detrimental to effective prosecution of the proceedings.

It is, therefore, ORDERED that:

A. LEAD PLAINTIFF AND LEAD COUNSEL

1. Dr. Michael A. Passidomo is appointed Lead Plaintiff.

2. Zwerling, Schachter & Zwerling LLP shall serve as Lead Counsel for all plaintiffs in the

Consolidated Actions. Zwerling, Schachter & Zwerling LLP shall also serve as interim class counsel with regard to the non-PSLRA claims in the Consolidated Actions.

Lead/Interim Counsel shall have the following responsibilities:

   a. Sign any consolidated complaint, motions, briefs, discovery requests, objections, or notices on behalf of all plaintiffs or those plaintiffs filing the particular papers.

   b. Conduct all pretrial proceedings on behalf of plaintiffs.

   c. Brief and argue motions.

   d. Initiate and conduct discovery.

   e. Speak on behalf of plaintiffs at any pretrial conference.

   f. Employ and consult with experts.

   g. Conduct settlement negotiations with defense counsel on behalf of plaintiffs.

   h. Call meetings of plaintiffs' counsel.

   i. Distribute to all plaintiffs' counsel copies of all notices, orders, and decisions of the Court to the extent counsel have not registered on the ECF system for this case; maintain an up-to-date list of counsel available to all plaintiffs' counsel on request; and keep a complete file of all papers and discovery materials filed or generated in the Consolidated Actions, which shall be available to all plaintiffs' counsel at reasonable hours.

3. All other applications for appointment as lead (or co-lead) Plaintiff or counsel are denied.

### B. CONSOLIDATION

1. The motions for consolidation are granted and the above-captioned actions are hereby consolidated for all purposes pursuant to Federal Rule of Civil Procedure 42(a). The consolidated cases do not include Finn v. Smith Barney, et al., 08 Civ. 2975. The consolidated securities cases shall be referred to collectively as In re Citigroup Auction Rate Securities Litigation, Master File No. 08 Civ. 3095 (LTS)(FM).

2. No action taken hereunder shall have the effect of making any person, firm or corporation a party to any action in which the person or entity has not been named, served, or added as such in accordance with the Federal Rules of Civil Procedure.

### C. MASTER DOCKET AND SEPARATE ACTION DOCKETS

1. A Master Docket is hereby established for the consolidated proceedings in the actions consolidated herein and any other actions subsequently consolidated with them either for all purposes or for pretrial purposes (the "Consolidated Actions"). Entries in said Master Docket shall be applicable to the Consolidated Actions, and entries shall be made therein in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order.

2.     (a) When a pleading is filed and the caption, pursuant to this Order, shows that it is applicable to "All Actions," the parties shall electronically or manually file such pleading pursuant to this Court's Guidelines and Amended Instructions for Electronic Case Filing.

    (b) When a pleading is electronically filed and the caption, pursuant to this Order,

shows that it is applicable to "All Actions," the parties shall electronically file such pleading in the Master File only. Docket entries shall not be made to each separate action.

(c) When a pleading is manually filed and the caption, pursuant to this Order, shows that it is applicable to "All Actions," the parties shall submit to this Court the original pleading for the Master File. No copies shall be submitted for each separate action. Upon receiving the original pleading, the Clerk shall docket the pleading to the Master File only. Docket entries shall not be made to each separate action.

### D. MASTER FILE AND SEPARATE ACTION FILES

1. A Master File is hereby established for the consolidated proceedings in the Consolidated Actions. The Master File shall be 08 Civ. 3095. The original of this Order shall be docketed by the Clerk of Court in the Master File herein established.

2. The Clerk shall maintain a separate file for each of the Consolidated Actions, and filings shall be made therein in accordance with the regular procedures of the Clerk of this Court except as modified by Section B of this Order. The Clerk shall docket a copy of this Order in each such separate file. Once the Clerk has docketed this Order, counsel of record in each of the Consolidated Actions will receive a Notice of Electronic Filing.

### E. NEWLY FILED OR TRANSFERRED ACTIONS

1. When a class action that relates to the same subject matter as the Consolidated Actions is hereafter filed in or transferred to this Court and assigned to the undersigned, it shall be

consolidated with these actions in the same manner as the cases identified in Section A above (provided that any case transferred to this Court solely for pretrial proceedings shall be consolidated only to that extent absent further order of this Court), except as provided below, and the Clerk of Court shall:

(a)   Docket a copy of this Order in the file for newly filed or transferred actions.

(b)   Make an appropriate entry in the Master Docket.

2. The Court requests the assistance of counsel in calling to the attention of the Clerk the filing or transfer of any case which might properly be consolidated with these actions.

## F. APPLICATION OF THIS ORDER TO SUBSEQUENT CASES

1. This Order shall apply to each class action assigned to the undersigned alleging claims similar to those set forth in these actions against Citigroup Inc., and/or its subsidiaries. This Order shall apply to each such case which is subsequently filed in or transferred to this Court and which is assigned to the undersigned, unless a party objecting to the consolidation of that case or to any other provision of this Order serves an application for relief from this Order or from any of its provisions within ten (10) days after the date on which the Clerk notifies counsel for that party of this Order. The provisions of this Order shall apply to such action pending the Court's ruling on the application.

2. Unless a plaintiff in a subsequently filed or transferred case is permitted by the Court to use a separate complaint, defendants shall not be required to answer, plead or otherwise move with respect to that complaint in any such case. If a plaintiff in any such case is permitted to use a separate complaint, each defendant shall have thirty days from the date the Court grants such

permission within which to answer, plead or otherwise move with respect to any such complaint.

## G. CAPTIONS

1. Every pleading filed in the Consolidated Action, and in any separate action included therein, shall bear the following caption:

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
                                    x
IN RE CITIGROUP AUCTION           :
RATE SECURITIES LITIGATION        :
                                  :         MASTER FILE
                                  :         08 Civ. 83095 (LTS)(FM)
                                  :
This Document Relates To:         :
                                  :
                                  :
                                  :
                                    x
```

2. When a pleading is intended to be applicable to all actions to which this Order applies, the words "All Actions" shall appear immediately after the words "This Document Relates To:" in the caption. When a pleading is intended to apply to fewer than all of such actions, the docket number for each individual action to which it is intended to apply and the name of the plaintiff in said action shall appear immediately after the words "This Document Relates To:" in the caption.

## H. FILING AND DOCKETING

1. When a paper is filed and the caption shows that it is applicable to "All Actions," the parties shall electronically or manually file such paper pursuant to this Court's Electronic Case Filing Rules and Instructions.

2.  (a) When a paper is electronically filed and the caption shows that it is applicable to "All Actions," the parties shall electronically file such paper in the Master File only. No docket entries shall be made to each separate action.

   (b) When a paper is manually filed and the caption shows that it is applicable to "All Actions," the parties shall submit to this Court the original paper for the Master File. Copies shall not be submitted for each separate action. Upon receiving the original paper, the Clerk shall docket the paper to the Master File only. Docket entries shall not be made to each separate action.

3.  (a) When a paper is filed and the caption shows that it is applicable to fewer than "All Actions," the parties shall electronically or manually file such paper pursuant to this Court's Guidelines and Amended Instructions for Electronic Case Filing.

   (b) When a paper is electronically filed and the caption shows that it is applicable to fewer than "All Actions," the parties shall electronically file such paper in the Master File and electronically file such paper to each separate action to which it applies.

   (c) When a paper is manually filed and the caption shows that it is applicable to fewer than "All Actions," the parties shall submit to this Court the original paper for the Master File and copies of such paper for each separate action to which it applies. Upon receiving the papers, the Clerk shall docket the original paper to the Master File and docket copies of such paper to each separate action to which it applies.

## I. SCHEDULE

1. The Lead Plaintiff, shall file and serve a Consolidated Amended Complaint for the Consolidated Actions and any actions subsequently consolidated with them, within sixty (60) days of the date of this Order.

2. Pending filing and service of the Consolidated Amended Complaint, defendants shall have no obligation to move, answer, or otherwise respond to any of the complaints in the actions consolidated herein or any actions subsequently consolidated with them, or to any discovery requests previously served in any of the consolidated actions.

3. Defendants shall answer or otherwise respond to the Consolidated Amended Complaint within of sixty (60) days after service thereof.

4. If Defendants move to dismiss the Consolidated Amended Complaint, opposition papers shall be served and filed within forty-five (45) days after the filing and service of such motion, and any reply papers shall be served and filed within thirty (30) days after the filing and service of plaintiffs' opposition papers.

5. Further proceedings in these consolidated actions will be conducted in compliance with the provisions of the Initial Conference Order dated April 21, 2008, and issued in 08 Civ. 3139 (Swanson) dated April 21, 2008, and in accordance with applicable orders, federal and local court procedural rules and Individual Practices Rules of the undersigned, including Rule 2.B. thereof.

This Order resolves docket entries nos. 7, 10, 13 and 16 in case no. 08 Civ. 3095; docket

entry no. 9 in case no. 08 Civ. 3139; docket entry no. 5 in case no. 08 Civ. 3904; and docket entry no. 5 in case no. 08 Civ. 4360.

SO ORDERED.

Dated: New York, New York
June 25, 2008

_____
LAURA TAYLOR SWAIN
United States District Judge