UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| RONALD D. KASSOVER, CHRIS JONES STEPHEN M. MITTMAN, RONALD E. KLOKKE, JAN SCHNEIDER, MARJORIE ELLIOTT, RITA TUBIS and HELENA TUBIS on behalf of themselves and all others similarly situated, | : : : : : : : | No.08-cv-02753 (LMM) (KNF) |
| Plaintiff, | : : | |
| v. | : : | |
| UBS AG and UBS FINANCIAL SERVICES, INC., | : : | |
| Defendants. | : : | |
| In re UBS AUCTION RATE SECURITIES LITIGATION | : : : | Master File No. 08-cv-02967 (LMM) |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | : : : | |

**MEMORANDUM OF LAW IN SUPPORT OF LIMITED CONSOLIDATION OF THE *KASSOVER* ACTION WITH THE PREVIOUSLY ORDERED CONSOLIDATION OF THE EXCHANGE ACT CASES, AND APPOINTMENT OF SCHOENGOLD SPORN LAITMAN & LOMETTI, P.C. AS INTERIM CLASS COUNSEL WITH RESPECT TO THE INVESTMENT ADVISER ACT AND COMMON LAW CLAIMS**

**SCHOENGOLD SPORN LAITMAN & LOMETTI , P.C**
Samuel P. Sporn (SPS-4444)
Joel P. Laitman (JL-8177)
Frank R. Schirripa (FS-1960)
19 Fulton Street, Suite 406
New York, New York 10038
Telephone: (212) 964-0046
Facsimile (212) 267-8137

*Attorneys for Plaintiffs and
Proposed Interim Class Counsel*

**FINKELSTEIN THOMPSON, LLP**
  Burton H. Finkelstein, Esq.
  Donald J. Enright, Esq.
  Michael G. McLellen, Esq.
  Elizabeth K. Tripodi, Esq.
1050 30th Street, N.W.
Washington, D.C. 20007
Telephone: (202) 337-8000
Facsimile: (202) 337-8090

*Attorneys for Plaintiffs Rita Tubis
and Helena Tubis*

## I.    __INTRODUCTION__

This memorandum of law is respectfully submitted in support of plaintiffs Ronald D. Kassover, Chris Jones, Stephen M. Mittman, Ronald Klokke, Jan Schneider, Marjorie Elliott, Rita Tubis and Helena Tubis (collectively "Plaintiffs") motion for the limited consolidation of this action, *Kassover, et al. v. UBS AG*, No. 08-2753 (the "*Kassover* action") with the previously ordered consolidation of the Exchange Act actions[1] and for the approval of Plaintiffs' selection of counsel, Schoengold Sporn Laitman & Lometti, P.C. ("SSLL"), as interim class counsel with respect to the Investment Advisers Act of 1940 ("IAA"), 15 U.S.C. §80b-1, *et seq.*, and common law claims.

As set forth more fully below and in Plaintiffs' memorandum in opposition to the *Streits'* motion for consolidation and appointment of lead plaintiff and appointment of the Milberg LLP firm as "interim co-*lead* counsel," it is respectfully submitted that Plaintiffs selection of counsel, SSLL, as interim class counsel, will most adequately represent the class with respect to the IAA and common law claims.

It is further respectfully submitted that *limited* consolidation of the *Kassover* action with

---

[1]    The *Kassover* action was filed on March 14, 2008.  Thereafter, four cases alleging violations of the Exchange Act (the "Exchange Act cases") were filed: *Chandler v. UBS AG*, No. 1:08-cv-2967 (S.D.N.Y. filed Mar 21, 2008) (LLM); *Sanchez v. UBS AG*, No. 1:08-cv-3082 (S.D.N.Y. filed Mar. 26, 2008) (LMM); *Bonnist v. UBS AG*, No. 1:08-cv-4352 (S.D.N.Y. filed May 8, 2008) and *Streit v. UBS AG*, No. 1:08-cv-5251 (S.D.N.Y. filed June 9, 2008).

On May 16, 2008, following this Court's May 6, 2008 conference at which time the differences between the *Kassover* action and the *Chandler* and *Sanchez* actions were discussed, as well as the eminent discovery obstacles that would be unfairly placed upon and prejudice the *Kassover* Plaintiffs, the Court determined to only consolidate the *Chandler* and *Sanchez* cases – *i.e.*, the Exchange Act actions and "any other actions now pending or hereinafter filed in this District, which arise out of common alleged facts **and include the same alleged claims against Defendants as alleged in the Chandler and Sanchez cases**" (emphasis added) – under the caption *In re UBS Auction Rate Securities Litigation*.   (Annexed as Ex. C to Declaration of Joel P. Laitman, filed June 9, 2008).
.

the Exchange Act cases, with coordination, will preserve and protect the interests of the IAA class and avoid the conflicts of interests between prosecution of the IAA and common law claims and the Exchange Act claims without prejudice to any of the parties herein.

No prejudice will result to any of the parties herein if such limited consolidation is ordered, and in turn delay and prejudice to the prompt and efficient prosecution of the IAA claim will be avoided.  Thus, the interests of justice will be served.

As set forth herein, the *Kassover* action is already far advanced from the Exchange Act cases – *i.e.*, an amended complaint and a document request have been served as of May 27, 2008, defendants UBS AG and UBS Financial Services, Inc. (collectively "UBS" or "Defendants") have moved for a protective order on June 27, 2008 and *Kassover* Plaintiffs have drafted an opposition thereto, to be filed with the Court shortly.   The documents sought by Plaintiffs have already been produced to numerous governmental agencies, including the Attorney General of Massachusetts, who has reviewed and incorporated Defendants' internal email communications demonstrating clear conflicts of interests and breaches of fiduciary duties in connection with the auction rate securities ("ARS") market collapse in a complaint filed on June 26, 2008.  *See New York Times*, June 29, 2008 article "E-mail That Investors Might Like to Read," annexed as Exhibit A to the accompanying Declaration of Frank R. Schirripa ("Schirripa Decl.").

## II.     FED. R. CIV. P. 42 SUPPORTS LIMITED CONSOLIDATION WITH COORDINATION OF THE *KASSOVER* AND EXCHANGE ACT ACTIONS

It is clear that Fed. R. Civ. P. 42 provides this Court with the discretion to consolidate related actions, but order separate trials . . .  "in furtherance of convenience *or to avoid prejudice*, or when separate trials could be conducive to *expedition* and economy. . . ."   (Emphasis added).  Rule 42 of the Federal Rules of Civil Procedure provides:

2

(a) CONSOLIDATION. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

(b) SEPARATE TRIALS. The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

*A fortiori*, this Court may before the trial stage, order limited consolidation for *pre*-trial purposes with coordination between the cases and between counsel.   In this manner, the interests of the Class, who have had their cash investments frozen, will be able to have prompt resolution of the issues under the IAA and common law claims.

There can be no *doubt* that while there are common questions of fact in the various cases, there are many *uncommon* issues of law in proving the IAA and common law claims *viz-a-viz* the Exchange Act claims.  To have *one* lead plaintiff and *one* lead counsel to prosecute *all* of the claims against UBS will undoubtedly cause conflicts of interests between IAA and Exchange Act counsel, and likely tension amongst the class members, as well as prejudice the prompt, efficient and economical prosecution of the IAA and common law claims.   Indeed, defendants have already sought to delay the prosecution of the IAA and common law claims by moving this Court for a protective order staying discovery in this action, because the Exchange Act cases are subject to a stay of discovery pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") (Defendants Memorandum of Law in Support of Motion for Protective Order Staying Discovery ("Def. Br.") at 6-7).  In doing so, Defendants seek to prejudice Plaintiffs' IAA and common law claims by requiring Plaintiffs to still idle on their claims for many months,

waiting for the Court to appoint a lead plaintiff and lead counsel in the consolidated Exchange Act cases, for lead plaintiff to investigate and file an amended complaint, which defendants will move to dismiss, for briefing to occur and then to wait while the Court decides defendants' motions.

The clear solution to prevent certain undue prejudice to Plaintiffs and their IAA and common law claims is to order limited consolidation of the *Kassover* action with the Exchange Act cases, and to appoint SSLL as separate and independent interim class counsel with respect to the IAA and common law claims.   In *Tyco Int'l Multidistrict Litig.*, although the court had consolidated for pre-trial purposes the securities class action with the ERISA and Derivative Actions, these actions maintained their independence under the control of separate lead counsel. Specifically, in permitting the ERISA and Derivative plaintiffs to obtain discovery, noting that these claims were not subject to the PSLRA stay provision, the court recognized:

> The ERISA and Derivative Actions were filed as separate lawsuits by different counsel on behalf of different plaintiffs.  The claims asserted in those actions are not frivolous and defendants do not claim that plaintiffs' counsel are working together to thwart the stay provision.  ***Absent evidence of collusion, I will not stay discovery in the ERISA and Derivative Actions merely because they have been consolidated with the Securities Actions for pretrial purposes***.'

*Tyco Int'l,* 2003 WL 23830479, at *3 (emphasis added).  Here, the limited consolidation the *Kassover* Action with the Exchange Act cases, with separate and independent counsel, can prevent undue prejudice to the IAA and common law claims.

### III.    FED R. CIV. P. 23(G) AUTHORIZES THE COURT TO APPOINT SSLL AS INTERIM CLASS COUNSEL

Kassover Plaintiffs' choice of Interim Class Counsel for their IAA and common law claims satisfies the requirements of Fed. R. Civ. P. 23(g).   In determining Interim Class Counsel, the court should "conduct an independent review … to ensure that counsel appointed to leading roles are qualified and responsible, that they will fairly and adequately represent all of the parties

on their side, and that their charges will be reasonable." Manual for Complex Litigation § 10:22

(4th ed. 2004). Indeed, the most important factor is "achieving efficiency and economy without

jeopardizing fairness to the parties." *Id.* at § 10.221. When appointing interim class counsel, it

is "generally accepted that the considerations set out in Rule 23(g)(1)(c), which governs

appointment of class counsel once a class is certified, apply equally to the designation of interim

class counsel before certification." *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D.

56, 57 (E.D.N.Y. 2006). Fed. R. Civ. P. 23(g) provides:

> (g) CLASS COUNSEL.
> (1) *Appointing Class Counsel.*
>> (A) Unless a statute provides otherwise, a court that certifies a class must appoint class counsel.
>> (B) An attorney appointed to serve as class counsel must fairly and adequately represent the interests of the class.
>> (C) In appointing class counsel, the court
>>> (i) must consider:
>>>> • the work counsel has done in identifying or investigating potential claims in the action,
>>>> • counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action,
>>>> • counsel's knowledge of the applicable law, and
>>>> • the resources counsel will commit to representing the class;
>>> (ii) may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class;
>>> (iii) may direct potential class counsel to provide information on any subject pertinent to the appointment and to propose terms for attorney fees and nontaxable costs; …

Applying the various criteria, it is at once apparent that SSLL has done the most work in

identifying and investigating the IAA and common law claims. SSLL has already filed an

amended complaint, served a document demand and is opposing Defendants' motion for a

protective order. The Milberg LLP firm made an "end run" and seeks to usurp leadership of the

IAA and common law claims by combining Exchange Act claims with an IAA claim. SSLL

firm (formed three years before the Milberg LLP firm (and its predecessor)) has extensive and successful experience in prosecuting complex securities and consumer class action. *See* SSLL firm biography annexed as Ex. B to Schirripa Decl. Similarly, SSLL has extensive knowledge of the applicable law, and commits to use all necessary resources to represent the class. Unfortunately, the Milberg LLP firm, which just settled a criminal indictment with the U.S. government, is saddled with a $75 million dollar judgment, payable over five years, and is already embroiled in substantial litigation against the former leader/partners Melvyn Weiss, David Bershad, and Steven Schulman, who can surely be expected to counter-claim stating that the present Milberg LLP leaders knew of the illegal activities and have "unclean hands." Milberg's anticipated substantial and costly litigation will surely detract from the best representation for the Class. Accordingly, SSLL is the most adequate interim class counsel.

## IV.    <u>CONCLUSION</u>

For the reasons set forth above and as set forth in *Kassover* Plaintiffs' Opposition to the Streits' motion for consolidation and appointment of Milberg LLP/ Law Office of George A. Shohet as Interim Co-Lead Counsel with respect to IAA claims, the Kassover Plaintiffs respectfully request that this Court order limited consolidation of the Kassover action with the Exchange Act cases and also appoint SSLL as Interim Class Counsel with respect to the IAA and common law claims.

Dated: July 3, 2008                    Respectfully submitted,
     New York, New York

                                     **SCHOENGOLD SPORN LAITMAN & LOMETTI , P.C.**

                                          /s/ Samuel P. Sporn
                                          Samuel P. Sporn (SPS-4444)
                                          Joel P. Laitman (JL-8177)
                                          Frank R. Schirripa (FS-1960)

19 Fulton Street, Suite 406
New York, New York 10038
Telephone: (212) 964-0046
Facsimile (212) 267-8137

*Attorneys for Plaintiff and
Proposed Interim Class  Counsel*

Of Counsel:

**FINKELSTEIN THOMPSON, LLP**
    Burton H. Finkelstein, Esq.
    Donald J. Enright, Esq.
    Michael G. McLellen, Esq.
    Elizabeth K. Tripodi, Esq.
1050 30th Street, N.W.
Washington, D.C. 20007
Telephone: (202) 337-8000
Facsimile: (202) 337-8090

*Attorneys for Plaintiffs Rita Tubis
and Helena Tubis*

## CERTIFICATE OF SERVICE

I, Frank R. Schirripa, one of the counsel for Plaintiffs in the above-referenced action, do hereby certify that on July 3, 2008, a true and correct copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the notice of electronic filing. Parties may access this filing through the Court's CM/ECF System.

                                        __/s/ Frank R. Schirripa_____
                                        Frank R. Schirripa