UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re UBS AUCTION RATE SECURITIES LITIGATION<br><br>This Documents Relates To:<br><br>All Actions | Case No. 08-CV-2967 (LMM)(KNF)<br>ECF Case<br><br>**DECLARATION OF ROBERT J. ANELLO IN SUPPORT OF DEFENDANT DAVID SHULMAN'S MOTION TO DISMISS THE FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT** |

**ROBERT J. ANELLO**, declares and affirms under penalties of perjury, pursuant to 28 U.S.C. § 1746, that:

1. I am an attorney admitted to practice before the courts of the State of New York and various federal district and appellate courts including the Southern District of New York, and a principal of the law firm of Morvillo, Abramowitz, Grand, Iason, Anello & Bohrer. I am familiar with the current and previously-filed pleadings and memoranda of law in this case, as well as the Courtôs decision dismissing the Consolidated Class Action Complaint, and all prior proceedings herein. I submit this declaration, together with the accompanying Memorandum of Law, in support of David Shulmanôs Motion to Dismiss the Amended Complaint, and to set forth the allegations in the record, including various e-mails concerning Mr. Shulman upon which the plaintiffs rely. In particular this declaration details the absence of any allegation pertaining to Mr. Shulman supporting plaintiffsô conclusory allegation that he participated in a scheme to manipulate the market for Auction Rate Securities (ñARSò).

2. Plaintiffsô market manipulation claim against David Shulman is quite literally based on nothing more than the allegation that he was in the vicinity when the alleged

manipulation is claimed to have occurred. Their entire market manipulation claim is vague and ill-defined, and unsupported by a single specific allegation. Their allegations against Mr. Shulman are even less particularized, and fail to connect him to any of the alleged conduct comprising what plaintiffs maintain was a fraudulent scheme. The supposedly ñmanipulativeò conduct plaintiffs identify consists of UBSôs longstanding practice of placing support bids in ARS auctions, coupled with disclosures plaintiffs assert misled them concerning the liquidity risks associated with ARS. They do not allege that Mr. Shulman directed or implemented that practice, let alone that he did it deceptively or with fraudulent intent.

3. David Shulman was appointed as the head of the Municipal Securities Group (MSG) in July 2006. Plaintiffs allege that in that capacity he ñmanagedò UBSôs ARS program ñduring the Class Periodò and that he ñparticipated in Defendantsô scheme to manipulate and perpetuate the market for UBS ARSò (Am. Cmplt. ¶ 20). This sweeping, conclusory allegation is the only allegation tying David Shulman to any of the conduct plaintiffs allege to have been fraudulent.

4. In the Amended Complaint, plaintiffs do not identify any specific conduct in which they claim Mr. Shulman engaged related to his alleged ñmanagementò of the ARS program. They do not allege that Mr. Shulman developed any procedures related to running the ARS auctions, let alone any procedures related to their purported market manipulation scheme. Plaintiffs do not allege that Mr. Shulman implemented any auction procedures or that he had any role in either the actual auction process or the challenged placement of bids that supposedly manipulated the ARS interest rates. Neither do plaintiffs allege that Mr. Shulman had a hand in developing or disseminating the disclosures that they claim were inadequate. ARS was one of more than 40 different products and sectors that fell within Mr. Shulmanôs supervisory purview

while he headed the MSG and his involvement with ARS was strictly supervisory. Plaintiffs allege no facts to the contrary.

5. In lieu of particularized factual allegations, plaintiff quote liberally from e-mails allegedly sent by Mr. Shulman, not one of which constitutes an allegation of fraudulent conduct supporting their contention that he participated in a fraudulent scheme to manipulate ARS.

6. For example, plaintiffs allege that according to David Shulman, ñUBS Securities followed a uniform policy of placing support bids, if needed to prevent auction failures, in every auction for which it was sole or lead auction dealer.ò (*Id.* ¶ 53.) This alleged statement, in which Mr. Shulman reports on a long-standing UBS practice, is not evidence that Mr. Shulman played any role in that practice, nor does it contains any information not widely known and included in UBSôs public disclosures concerning its support of ARS auctions.

7. The Amended Complaint also quotes from an internal e-mail allegedly sent by Mr. Shulman to a UBS Securities Risk Officer on November 27, 2007 reporting that the auction desk continued to ñcheapen up our levels to clear this paper.ò (*Id.* ¶ 73.) Cheapening rates, perhaps counter-intuitively, means to raise interest rates. Intervening to raise interest rates would both stimulate demand and signal the increased risk associated with the product. Plaintiffsô allegation thus actually undercuts rather than supports their scheme claim, which is predicated on *suppression* of interest to mask ARS risk. (*See id.* ¶¶ 70, 76-77.)

8. Plaintiffs additionally point to several e-mails from David Shulman indicating that ARS sales were a priority and that he felt pressure to reduce UBSôs ARS inventories. (*See e.g. id.* ¶ 85.) Statements that Mr. Shulman was ñpushing every angle to move productò (*id.* ¶¶ 75, 88), or requests that UBS FS ñmobilizeò it Financial Advisors to

ñdemonstrate valueò and to ensure that ñthe lines of communication stay wide openò (*id.* ¶ 80), are hardly indicia of fraudulent conduct. ARS were among the many products sold by UBS and Mr. Shulmanôs words of encouragement to those charged with ARS sales contain no hint of deception or the allegedly manipulative conduct upon which plaintiffs base their claim. Plaintiffs do not allege that Mr. Shulman himself engaged in any improper sales practices or played any part in the disclosures that were given to those who purchased ARS from UBS or any other broker-dealer.

9. Nor do Mr. Shulmanôs sales of his own ARS support, or even suggest that he engaged in manipulation of the ARS market or indicate, let alone establish a strong likelihood of fraudulent intent on his part. Plaintiffs themselves allege widespread selling of ARS during the latter half of 2007 and early 2008 in response to deteriorating credit markets and they allege no basis on which to distinguish Mr. Shulmanôs sales from among the masses of others who were also selling ARS during the same period.

10. Similarly, allegations that Mr. Shulman performed a financial analysis shortly before UBS withdrew its support for the auctions approximating how much it would cost to purchase certain outstanding ARS (*id.* ¶ 92), and comments he made *after* the February failures on compensation paid to UBS FS financial advisors and the fees UBS might generate *after* failure have no bearing on the supposed market manipulation (*id.* ¶¶ 97, 172), even as alleged by plaintiffs.

11. In sum, other than plaintiffsô wholly conclusory allegation that Mr. Shulman participated in a scheme to manipulate the ARS markets, they allege no fact that supports his involvement in any such scheme.

WHEREFORE, for the reasons set forth in the accompanying Memorandum of

Law, the Amended Complaint, as it relates to David Shulman, should be dismissed.

Dated:  New York, New York
        August 28, 2009

                                                        s/Robert J. Anello
                                                         Robert J. Anello