**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re UBS AUCTION RATE SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>　　No. 08 Civ. 2967<br>　　No. 08 Civ. 3082<br>　　No. 08 Civ. 4352<br>　　No. 08 Civ. 5251 | )<br>)<br>)  **08-cv-2967 (LMM)**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO
STRIKE THE DECLARATION OF ROBERT J. ANELLO AND EXHIBITS F-N AND T
TO THE DECLARATION OF WILLIAM F. SULLIVAN**

Daniel C. Girard (admitted *pro hac vice*)
Jonathan K. Levine (JL-8390)
Aaron M. Sheanin (admitted *pro hac vice*)
Christina H. C. Sharp (admitted *pro hac vice*)
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, CA 94108
Telephone:  (415) 981-4800
Facsimile:  (415) 981-4846

*Plaintiffs' Lead Counsel*

Norman E. Siegel (admitted *pro hac vice*)
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, MO, 64112
Telephone: (816) 714-7100
Facsimile: (816) 714-7101

*Plaintiffs' Co-Lead Counsel*

Christopher A. Seeger (CS-4880)
Stephen A. Weiss (SW-3520)
David R. Buchanan (DB-6368)
**SEEGER WEISS LLP**
One William Street
New York, NY 10004
Telephone:  (212) 584-0700
Facsimile:  (212) 584-0799

*Plaintiffs' Liaison Counsel*

I.   **Introduction**

Plaintiffs object to and move to strike material beyond the scope of the Complaint that the UBS Defendants[1] and Defendant David Shulman submitted in support of their motions to dismiss. The Declaration of Robert J. Anello ("Anello Declaration"), counsel for Defendant Shulman, is not based on the declarant's personal knowledge, presents substantial legal argument, and raises purported new facts to challenge the allegations in the Complaint. The Declaration of William Sullivan ("Sullivan Declaration"), counsel for the UBS Defendants, attaches documents that are not incorporated by reference in the Complaint, have not been properly authenticated, are irrelevant to the issues before the Court, and are not subject to judicial notice. Defendants have not and cannot meet their burden to show that these materials are admissible or should be considered by the Court in ruling on their Rule 12(b)(6) motions. Accordingly, Plaintiffs' motion to strike should be granted.

II.   **The Court Has Inherent Authority To Strike The Challenged Declaration And Exhibits**

Shulman contends that the Court lacks the authority under Rule 12(f) to strike the Anello Declaration.[2] Plaintiffs did not specifically invoke Rule 12(f) in moving to strike. Rather, the Court can exclude matters presented outside the pleadings under Rule 12(d) and the Court's inherent authority to control its own docket. Shulman does not dispute that the Court has inherent authority to strike the Anello Declaration and the challenged exhibits to the Sullivan Declaration, or simply to exclude those matters from consideration. *See In re OPUS360 Corp. Sec. Litig.*, No. 01 Civ. 2938 (JGK)(JCF), 2002 U.S. Dist. LEXIS 18558, at *5 n.3 (S.D.N.Y. Oct. 2, 2002) (granting motion to strike exhibits attached to declaration filed in support of motion to dismiss); *Farid v. Bouey*, 554 F. Supp. 2d 301, 313 (N.D.N.Y. 2008) (Plaintiff's

---

[1] The "UBS Defendants" refers to Defendants UBS Securities LLC, UBS Financial Services Inc., UBS AG, Marten Hoekstra and Marcel Rohner.

[2] There is a split among the courts on whether Rule 12(f) applies only to pleadings. *Compare, e.g., Nat'l Union Fire Ins. Co. of Pittsburgh v. Hicks, Muse, Tate & Furst, Inc.*, No. 02 Civ. 1334 (SAS), 2002 U.S. Dist. LEXIS 10672, at *24 (S.D.N.Y. July 10, 2002) (denying motion to strike declarations as outside scope of Rule 12(f)), *with Lee v. Security Check, LLC*, No. 09 Civ. 421-J-12TEM, 2009 U.S. Dist. LEXIS 104499, at *4-6 (M.D. Fla. Nov. 9, 2009) (invoking Rule 12(f) in striking exhibits and new factual assertions).

1

motion to strike "request[s] relief which squarely lies within the inherent authority of the court…."); *Deal v. Kegler Brown Hill & Ritter Co. L.P.A.*, 551 F. Supp. 2d 694, 698 (S.D. Oh. 2008) ("Defendant moves to strike certain portions of Plaintiff's affidavit and certain portions of Plaintiff's deposition. This Court may use its inherent power to manage its docket to strike documents."); *Kitson v. The Bank of Edwardsville*, 240 F.R.D. 610, 611 (S.D. Ill. 2006) ("The Court has of course the inherent power to strike submissions to the Court other than pleadings.").

This Court has previously exercised its authority to strike portions of affidavits that sought to introduce material outside the pleadings on a motion to dismiss. *See Local 812 GIPA v. Canada Dry Bottling Co. of New York*, 98 Civ. 3791 (LMM), 1999 U.S. Dist. LEXIS 7174, at *9-10 (S.D.N.Y. May 13, 1999). Accordingly, Shulman is incorrect that "the Anello Declaration cannot be stricken" as a matter of procedure. (Shulman Opp. at 2.)

**III.   The Anello Declaration Should Be Stricken Because It Is Not Based On Personal Knowledge, Is Replete With Legal Argument, And Improperly Contains New "Facts"**

The Court should strike the Anello Declaration. As an initial matter, the Anello Declaration is not competent evidence. "An affidavit is a sworn statement of fact based on personal knowledge that would be admissible in evidence at trial." L.R.-S.D.N.Y. 12.1; *see* Fed. R. Civ. P. 56(e)(1); *Busler Enters., Inc. v. MG Refining & Mktg., Inc.*, No. 96 Civ. 3590 (LMM), 1997 U.S. Dist. LEXIS 16818, at *21 (S.D.N.Y. Oct. 19, 1997) ("Affiants generally must only testify about their own experiences that are based on personal knowledge."). Mr. Anello failed to attest to his personal knowledge of the purported facts set forth in his declaration, and Shulman offers no explanation or excuse for the failure. For this reason alone, the Court should strike the Anello Declaration in its entirety. *See Jonathan E.S. Bekhor, Int'l Investment Holdings, Inc. v. Josephthal Group, Inc.*, No. 96 Civ. 4156 (LMM), 2000 U.S. Dist. LEXIS 14924, at *33 (S.D.N.Y. Oct. 13, 2000) ("Because Mr. Starry does not claim to have personal knowledge of the facts contained in his affidavit, the Court grants defendants' motion to strike the Starry Affidavit…."); *Mugno v. Societe Internationale de Telecommunications Aeronautiques, Ltd.*, No. 05 Civ. 2037 (DRH)(ARL), 2007 U.S. Dist. LEXIS 6573, at *25

(E.D.N.Y. Jan. 30, 2007) (striking declaration because, among other things, "a paramount element mission from Mugno's Declaration is Mugno's attestation that he made the Declaration on personal knowledge").

The Anello Declaration also should be stricken as improper legal argument. Shulman contends that the Anello Declaration summarizes the allegations against him in the Complaint and "demonstrates [their] insufficiency." (Shulman Opp. at 1.) Thus, Shulman concedes the obvious: The declaration is actually a disguised four-page brief. This Court's local rules require legal argument to be presented only in a memorandum of law, not an attorney declaration. *See* L.R.-S.D.N.Y. 7.1(a). As this Court has explained, "When opinions on ultimate facts and legal conclusions appear in an affidavit, courts will simply disregard the extraneous material." *Busler Enters.*, 1997 U.S. Dist. LEXIS 16818, at *21 (striking portions of affidavit containing conclusions of law); *Mugno*, 2007 U.S. Dist. LEXIS 6573, at *26 n.9 ("If the Court was not striking Mugno's Declaration in its entirety for other deficiencies, large portions of the Declaration would be stricken to eliminate these conclusory allegations and legal arguments."). Therefore, the Anello Declaration should be stricken.

In addition, the Anello Declaration purports to present new facts concerning Shulman's professional responsibilities at UBS Securities and his state of mind. The submission of new facts that do not appear in the Complaint is improper on a Rule 12(b)(6) motion. *See Local 812 GIPA*, 1999 U.S. Dist. LEXIS 7174, at *9 ("In ruling on [a Rule 12(b)(6)] motion, the Court may consider only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference therein, and matters of which judicial notice may be taken.") (*citing Samuels v. Air Transp. Local 504*, 992 F.2d 12, 15 (2d Cir. 1993)).

Nonetheless, Shulman argues, without citation to authority, that the Anello Declaration is admissible because he seeks to introduce its factual allegations not "for their truth," but to show "the degree of detail *missing* from plaintiffs' pleading." (Shulman Opp. at 1.) For the Court to agree with Shulman's argument, however—that the new "facts" are "missing" from the Complaint—the Court would first have to assume the "facts" are true. After all, if the factual

3

assertions are *not* true, how could Plaintiffs be criticized for not including them in the Complaint? Thus, Shulman necessarily seeks to introduce the Anello Declaration's factual averments for the truth of the matter asserted .[3]

Furthermore, as Plaintiffs explained in their opening papers, Shulman relies on the Anello Declaration's factual assertions to argue that he was not responsible for the alleged fraud. (Pls.' Mem. at 2, 4 (citing Dkt. No. 151 at ¶¶ 4, 5, 7).) As these averments were submitted to dispute the allegations of the Complaint, they should be disregarded. *See Bldg. & Constr. Trade Council of Buffalo v. Downtown Dev., Inc.*, 448 F.3d 138, 155 (2d Cir. 2006). Otherwise, "the motion must be treated as one for summary judgment," Fed. R. Civ. P. 12(d), and the Court should allow Plaintiffs to take discovery, *see* Fed. R. Civ. P. 56(f). *See Fonte v. Board of Managers of Continental Towers Condominium*, 848 F.2d 24, 25 (2d Cir. 1988) ("Rule 12(b) gives district courts two options when matters outside the pleadings are presented in response to a 12(b)(6) motion: the court may exclude the additional material and decide the motion on the complaint alone or it may convert the motion to one for summary judgment under Fed. R. Civ. P. 56 and afford all parties the opportunity to present supporting material.").

### IV.   Exhibits F-N And T To The Sullivan Declaration Should Be Stricken Because They Are Not Incorporated By Reference In The Complaint, Properly Authenticated, Or Subject To Judicial Notice

#### A.   Exhibit T Should Be Stricken

The UBS Defendants incorrectly contend that Exhibit T, an investment guide that purportedly "was available on UBS Financial Service Inc.'s website" (Dkt No. 155 at ¶ 21), was incorporated by reference into the Complaint.[4]

On a Rule 12(b)(6) motion, a court generally may consider only the complaint itself and any documents that are incorporated by reference or attached as exhibits. *See Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006). "Clearly, not every document referred to in a complaint may

---

[3] Shulman's argument also fails on the merits. As described in Plaintiffs' opposition to Shulman's motion to dismiss, the Complaint more than adequately describes his participation in the UBS auction rate securities fraud to state claims for violations of Section 10(b) and 20(a).

[4] The UBS Defendants do not argue that Exhibit T is subject to judicial notice.

be considered incorporated by reference and thus introduced by the moving party in support of a motion to dismiss." *Fudge v. Penthouse Int'l, Ltd.*, 840 F.2d 1012, 1015 (1st Cir. 1988). Rather, the document in question must be "absolutely central" to the complaint. *Id.*; *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (document may be incorporated by reference only "if the plaintiff *refers extensively* to the document or the document forms the basis of the plaintiff's claim") (emphasis added). According to the Second Circuit, "a plaintiff's reliance on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). Similarly, "[l]imited quotation [of a document] does not constitute incorporation by reference." *Goldman v. Belden*, 754 F.2d 1059, 1066 (2d Cir. 1985) (district court erred in considering document that was "to some extent quoted" in complaint); *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004) ("Limited quotation from or reference to documents that may constitute relevant evidence in a case is not enough to incorporate those documents, wholesale, into the complaint.").

Plaintiffs did not cite, quote, or refer to Exhibit T in the Complaint. Nonetheless, Defendants contend that a single allegation referring to unspecified "postings" on UBS FS's "website" is sufficient to cause Exhibit T (and in fact the entire website) to be incorporated by reference. (Compl., ¶ 62 ("UBS FS also described UBS ARS as 'cash alternatives' and as 'highly liquid, short-term investments' in postings on its website as well as in 'statement stuffers' sent to its retail clients and employees.").) No reasonable interpretation of this allegation would suggest that Exhibit T was integral to the extensive allegations of market manipulation in the Complaint. Accordingly, Exhibit T must be stricken.

Defendants' citations to *Atlantic Recording*, *Gorran*, and *Knievel* are off-point. Unlike here, the courts in each of those actions considered the defendants' websites, because those websites were central to the allegations and were cited, quoted, or attached in part to the complaints. *See Atlantic Recording Corp v. Project Playlist, Inc.*, 603 F. Supp. 2d 690, 694 n.3 (website was incorporated by reference where complaint alleged that website itself was used as

5

tool for systematic copyright infringement); *Gorran v. Atkins Nutritionals, Inc.*, 464 F. Supp. 2d 315, 319 n.1 (S.D.N.Y. 2006) ("In addition, the complaint extensively quotes the Website and incorporates it by reference. Pages from the Website are attached as exhibits to the complaint as well."); *Knievel v. ESPN, Inc.*, 223 F. Supp. 2d 1173, 1176 (D. Mont. 2002) ("Here, the contents of the expn.com [sic] website are at the center of Plaintiffs' allegations. The website is mentioned in the complaint and copies of some of the pictures are attached to the complaint.").

Furthermore, the UBS Defendants have failed to properly authenticate Exhibit T through a competent witness. "'Where a party wishes to have a court consider documents which are not yet part of the court's record, the documents must be attached to and authenticated by an appropriate affidavit and the affiant must be a competent witness through whom the documents could be received into evidence at trial.'" *Lingo Corp. v. Topix, Inc.*, No. 01 Civ. 2863 (RMB), 2003 U.S. Dist. LEXIS 1437, at *10 (S.D.N.Y. Jan. 31, 2003) (quoting *State of New York v. St. Francis Hosp.*, 94 F. Supp. 2d 423, 426 (S.D.N.Y. 2000)). The only attempt at "authentication" by the UBS Defendants (if it can be called that) is the statement by Mr. Sullivan that the document is "a true and correct copy of a UBS Financial Inc. investment guide, titled 'Putting Liquidity to Work: A Guide to Cash Alternatives,' which was available on UBS Financial Services Inc.'s website." (Dkt. No. 155 at ¶ 21.) There has been no showing whatsoever that the UBS Defendants' outside counsel has any personal knowledge or could competently testify as to the authenticity or provenance of Exhibit T. *See Carroll v. LeBoeuf, Lamb, Greene & Macrae, L.L.P.*, 614 F. Supp. 2d 481, 484 (S.D.N.Y. 2009) ("plaintiffs' counsel's affidavit does not demonstrate that he is competent to testify that the original documents of which the exhibits are said to be copies actually were written by Chenery or received by Mr. Carroll"); *Desclafani v. Pave-Mark Corp.*, No. 07 Civ. 4639 (HBP), 2008 U.S. Dist. LEXIS 64672, at *7-8 n.2 (S.D.N.Y. Aug. 22, 2008) ("Here, there is no evidence and no reason to believe that Alten [defendants' counsel] is a competent witness through whom the bill of materials could be admitted."); *O'Shea v. Childtime Childcare, Inc.*, No. 01 Civ. 1264 (DRH), 2002 U.S. Dist. LEXIS 22998, at *9-10 (N.D.N.Y. Dec. 2, 2002) (striking document authenticated only by counsel where "[t]here

6

is no demonstration that O'Shea's counsel had personal knowledge of the authenticity of these documents").

The UBS Defendants only compound the problem by failing to identify—neither in the Sullivan Declaration nor even in their opposition papers—the dates that Exhibit T appeared on the UBS FS website, the website address for the document, or whether the document was publicly accessible. By failing to do so, the UBS Defendants tacitly concede that the purported corrective disclosure in Exhibit T was not "conveyed to the public 'with a degree of intensity and credibility sufficient to counter-balance effectively any misleading information created by'" their manipulative conduct. *Ganino v. Citizens Utils. Co.*, 228 F.3d 154, 167 (2d Cir. 2000) (quoting *In re Apple Computer Sec. Litig.*, 886 F.2d 1109, 1116 (9th Cir. 1989)).[5]

### B.    Exhibits F-N Should Be Stricken

Defendants argue that the news items and specialty publication pieces attached to the Sullivan Declaration as Exhibits F-N are subject to judicial notice. News articles may be subject to judicial notice for their fact of publication only, but not for the truth of their contents. *See Staehr v. The Hartford Fin. Servs. Group, Inc.*, 547 F.3d 406, 425 (2d Cir. 2008). However, "before materials outside the record may become the basis for a dismissal, . . . [i]t must also be clear that there exist no material disputed issues of fact regarding the relevance of the document." *Faulkner*, 463 F.3d at 134. As the UBS Defendants have not met their burden to show the relevance of these articles, the Court should grant Plaintiffs' motion to strike.

The UBS Defendants concede, as they must, that none of the articles mentions any Defendant or UBS entity or Defendants' involvement in the auction rate securities market. (UBS

---

[5] In their opposition to the motion to dismiss, Plaintiffs noted that the SEC asserted that Exhibit T belatedly appeared on UBS FS's website in October 2007, was not widely disseminated to UBS FS's own customers, and in any event "did not disclose all material liquidity risks of ARS." (Dkt. No. 161 at 17 (quoting Dkt. No. 162, Ex. A at ¶ 26).) The UBS Defendants err in contending Plaintiffs must therefore concede the authenticity of Exhibit T. (UBS Opp. at 4 n.4.) It is Defendants who brought up Exhibit T in the first place; the Complaint says nothing about it. Plaintiffs' position is (1) Exhibit T should be stricken and completely disregarded, as argued in this motion to strike; and (2) if Exhibit T is not stricken, it nevertheless fails to support dismissal, as argued in Plaintiffs' opposition to the motion to dismiss.

Opp. at 3.)[6]  Instead, the articles discuss the conduct of other auction dealers such as Deutsche Bank, Merrill Lynch and Lehman Brothers.  (Dkt. No. 155, Exs. M & N.)  Other articles give a generic description of auction rate securities, the SEC's 2005-06 investigation (to which UBS was not a party), or problems facing a limited segment of the auction rate securities market.  (*Id.*, Exs. F, I, J, L.)  A few articles note that accounting firms stopped treating auction rate securities as "cash equivalents."  (*Id.*, Exs. G-I, K.)  None of these articles could place a reasonable investor on notice that UBS Securities systematically placed bids to prevent auction failures pursuant to tacit understandings with UBS ARS issuers; UBS Securities' support bids were designed to create the artificial appearance of demand for UBS ARS; the auctions for UBS ARS would fail without UBS Securities' pervasive interventions; and UBS Securities off-loaded its own inventory of UBS ARS on investors to minimize its own exposure.  To the contrary, that these articles do not reference UBS at all would suggest to a reasonable investor that UBS did *not* engage in conduct similar to that of the auction dealers named in the items.

As Exhibits F-N do not shed any light on whether UBS Securities' own conduct was fully and fairly disclosed to investors, they are irrelevant to the issue for which they were purportedly submitted—adequate disclosure.  (UBS Opp. at 2.)  Accordingly, judicial notice of these documents is inappropriate.  *See In re Take-Two Interactive Sec. Litig.*, 551 F. Supp. 2d 247, 262 n.6 (S.D.N.Y. 2008) (declining to take judicial notice of fact of publication of an article because that fact "bears no relevance" to pertinent question on motion to dismiss); *In re Tommy Hilfiger Sec. Litig.*, No. 04 Civ. 7678, 2007 U.S. Dist. LEXIS 55088, at *14 (S.D.N.Y. July 20, 2007) (striking articles regarding market reaction to criminal investigation and insider stock trading, because "the fact of their publication alone is irrelevant"); *Steele v. McMahon*, No. CIV S-05-1874 DAD P, 2007 U.S. Dist. LEXIS 73288, at * 17 n.4 (E.D. Cal. Sep. 21, 2007) ("[D]efendant has not established the relevance of Exhibits E, F, and G to the disposition of the pending motion

---

[6] Defendants' citation to *Berwecky v. Bear, Stearns & Co.*, 197 F.R.D. 65 (S.D.N.Y. 2000), is misplaced.  The court in *Berwecky* noted that all members of the public are chargeable with knowledge of the contents of a prospectus filed with the SEC.  Plaintiffs here move to strike news articles and a website posting, but do not seek to exclude prospectuses.

and the request [for judicial notice] will be denied with respect to those exhibits.").

## V.   Conclusion

For the foregoing reasons and those stated in Plaintiffs' opening memorandum, Plaintiffs respectfully request that the Court strike the Anello Declaration (Dkt. No. 151) in its entirety and strike Exhibits F-N and T to the Sullivan Declaration (Dkt. No. 155).

Dated: November 20, 2009                         Respectfully submitted,

**GIRARD GIBBS LLP**

By:   */s/ Aaron M. Sheanin*

Daniel C. Girard (admitted *pro hac vice*)
Jonathan K. Levine (JL-8390)
Aaron M. Sheanin (admitted *pro hac vice*)
Christina H. C. Sharp (admitted *pro hac vice*)
601 California Street, 14th Floor
San Francisco, CA 94108
Telephone:  (415) 981-4800
Facsimile:  (415) 981-4846

**Plaintiffs' Lead Counsel**

Norman E. Siegel (admitted *pro hac vice*)
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, MO, 64112
Telephone: (816) 714-7100
Facsimile: (816) 714-7101

**Plaintiffs' Co-Lead Counsel**

Christopher A. Seeger (CS-4880)
Stephen A. Weiss (SW-3520)
David R. Buchanan (DB-6368)
**SEEGER WEISS LLP**
One William Street
New York, NY 10004
Telephone:  (212) 584-0700
Facsimile:  (212) 584-0799

**Plaintiffs' Liaison Counsel**

## **CERTIFICATE OF SERVICE**

I, Aaron M. Sheanin, hereby certify that on November 20, 2009, I caused the following document to be filed electronically with the United States District Court for the Southern District of New York through the Court's mandated ECF service:

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE THE DECLARATION OF ROBERT J. ANELLO AND EXHIBITS F-N AND T TO THE DECLARATION OF WILLIAM F. SULLIVAN**

Counsel of record are required by the Court to be registered e-filers, and as such are automatically e-served with a copy of the document upon confirmation of e-filing.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 20th day of November, 2009 at San Francisco, California.


                    */s/ Aaron M. Sheanin*